USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

In Re Novartis and Par Antitrust Litigation

------------------------------------------------------- X

:   **Order On Discovery**

:   18 Civ. 4361 (AKH)

:   18 Civ. 5536
:   18 Civ. 5603
:   18 Civ. 5708
:   18 Civ. 5886
:   18 Civ. 6776
:   18 Civ. 9861
:   18 Civ. 11835
:   18 Civ. 12293

ALVIN K. HELLERSTEIN, U.S.D.J.:

The parties move by joint letter to resolve a discovery issue related to plaintiff's request for production of defendant's branded and generic sales data. Plaintiffs seek sales data through December 2017; defendants have offered to produce figures through 2015. Plaintiffs state that the extended sales data may substantiate further overcharge damages, based on a theory that prices respond only gradually to generic market entry.

Plaintiffs' theory is in tension with its allegation that "generic entry leads to rapid erosion of . . . brand sales," and its allegation that, following the end of the 180-day exclusivity period, "the competitive process accelerates [and] multiple generic manufacturers compete vigorously." EPP CAC, 18-cv-5603, ECF 40, ¶¶ 37, 40. Defendants observe that one article cited by plaintiffs' expert finds that "[n]early all reductions in price now occur in the first eight

months after generic entry,"[1] but implicit in this finding and the accompanying data is that there may be some further, if marginal, decline in prices beyond eight months.

A theory of damages that extending years after generic entry may ultimately prove insufficiently reliable. Nevertheless, in light of some potential price reduction beyond that threshold and an absence of undue burden of production, plaintiffs may consider the additional sales data in developing their theory. Accordingly, defendants shall produce branded and generic Exforge sales data through 2017.

SO ORDERED.

Dated:        June /8, 2019
              New York, New York

                                    _____
                                    ALVIN K. HELLERSTEIN
                                    United States District Judge

---

[1] IMS Institute for Healthcare Informatics, *Price Declines after Branded Medicines Lose Exclusivity in the U.S.* (January 2016), available at https://www.iqvia.com/- /media/iqvia/pdfs/institute-reports/price-declines-after-branded-medicines-lose-exclusivity-inthe-us.pdf.